Sam Katz v. Commissioner.
Katz v. Commissioner
Docket No. 18295.
United States Tax Court
1949 Tax Ct. Memo LEXIS 240; 8 T.C.M. (CCH) 256; T.C.M. (RIA) 49063; March 15, 1949
*240 Louis Katz, Esq., for the petitioner. William A. Schmitt, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This cause involves income taxes for the calendar years 1944 and 1945. Deficiencies were determined as follows: For 1944, $2,954.37 and 50 per cent penalty $1,477.19; for 1945, $3,877.48. As to 1944 the respondent by answer alleged that the return filed was false and made with fraudulent intent to evade the payment of taxes due the United States and invoked imposition of the 50 per cent fraud penalty. The fraud question is the principal issue for our consideration. [The Facts] The petitioner is a resident of Brooklyn, New York, engaged in the retail butcher business. The returns here involved were filed with the collector for the first district of New York. The return for 1944, filed on March 6, 1945, disclosed adjusted gross income of $6,447.85, deductions of $500, net income of $5,947.85, personal exemptions of $1,500 for three persons (including Jack Katz, a son), and total tax of $1,118.88. The Treasury Department, through an agent, investigated the matter. The petitioner submitted cancelled checks and some work sheets of an accountant. *241 A Statement of Financial Condition, dated January 13, 1947, of the petitioner was requisitioned and produced. Made under oath, it covered the period from January 1, 1943, to December 31, 1945, and disclosed as of December 31, 1943, assets of $18,656.83, and as of December 31, 1944, assets of $30,851.59, including mortgages receivable of $11,750 which did not appear as of December 31, 1943, or earlier. It showed among liabilities $4,000 loans payable at December 31, 1944. To the extent of $3,000 this was not substantiated by the petitioner in the investigation. The statement of net worth showed petitioner owning insurance policies totaling $12,000 with premiums totaling $429.22 per year; and showed his family to be his wife and children, Jacob aged 32, Louis aged 33, Rose aged 27, and Milton aged 22. The revenue agent arrived at the petitioner's net worth by taking the balances at the beginning and end of the year 1944 and considering the increase or decrease. By adding to increase in net worth the living expenses of the taxpayer and the tax item, and considering $500the deduction claimed, he arrived at net income. For the year 1944 he arrived at a net income of $14,615.77. The loans *242 payable amount was claimed by the taxpayer as made to his son but no confirmatory evidence was offered, though it was requested; and the claim was denied. At trial, after denial of application for continuance, counsel for the petitioner made the following record: "May I note for the record that counsel for the Petitioner removes himself from any further proceeding in this matter?" and further announced: "May I note for the record that counsel for the Petitioner will not place in evidence any testimony." Later, asked by the Court: "You decline to try the case?" he answered: "I do." Respondent moved, as to the year 1945 for judgment for lack of prosecution, in the amount of $3,877.48, which motion was granted. He thereupon adduced evidence, as above set forth, as to the year 1944, with respect to the allegation of fraud, after which respondent moved for judgment for the deficiency and fraud penalty. Thereupon the Court inquired of counsel of petitioner, who had remained in the court room but not at counsel's table, whether he had any evidence to meet the evidence just proferred by the respondent in support of his answer, and counsel replied: "Not at this time, your Honor." No reply *243 was filed to the answer. The Court announced on respondent's motion that judgment would be entered, for failure to prosecute, as to the year 1944, in the amount of the deficiency, $2,954.37. The matter of fraud penalty was taken under consideration. [Opinion] After examination of the evidence adduced, we are of the opinion that on the facts the respondent should have judgment not only for the deficiencies for both 1944 and 1945 but also for the fraud penalty for 1944 in the amount of $1,477.19 as determined. It is unnecessary to recite further the evidence. We note, however, particularly that according to the verified Statement of Financial Condition the petitioner sometime between December 31, 1943, and December 31, 1944, was able to acquire "mortgages receivable" in the amount of $11,750 which he did not list at any time earlier than December 31, 1944. Yet no such income is reported for 1944, the only income shown in the return being a loss of $981.80 "income from rents and royalties" and income of $7,369.65 from profit from business or profession, i.e., retail butcher shop. It is apparent that there was receipt by the petitioner of income not reported during the year 1944. *244 We conclude that within section 293(b) of the Internal Revenue Code some part of the deficiency was due to fraud with intent to evade tax and that 50 per cent of the amount of the deficiency should be added. Decision will be entered for the respondent.